UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDRICA THIBODEAUX** | : | **CIVIL ACTION NO. 2:16-cv-673** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **THE GEO GROUP, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by the plaintiff, Fredrica Thibodeaux. For the following reasons, it is recommended that plaintiff's motion be denied.

**I.**
**SUMMARY OF THE CASE**

The plaintiff filed suit in the 33rd Judicial District Court for Allen Parish in the State of Louisiana on April 29, 2016. Doc. 1, att. 3. She named "The GEO Group" as the only defendant. *Id.* at p. 1. Her complaint seeks damages for injuries sustained on July 26, 2015, when a ceiling tile fell on her head while on the premises of a prison operated by the defendant. *Id.* The defendant removed the case to this court on May 16, 2016 on the basis of diversity. Doc. 1, p. 1.

The plaintiff filed a motion to remand on May 19, 2016. Doc. 7. Attached to the motion is a verification signed by the plaintiff which states that the value of her claim does not exceed $75,000. Doc. 7, att. 1. She contends that this court lacks subject matter jurisdiction because the requisite amount in controversy is not met. Doc. 7, p. 1.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The parties do not dispute that they are diverse. The plaintiff is a citizen of Louisiana and the defendant is a Florida corporation with its principal place of business in Florida. Doc. 1, att. 3, p. 1. The issue is whether the jurisdictional amount in controversy is met.

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent from the petition that the amount in controversy exceeds $75,000, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Id.*

Even if defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs may meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). Post-removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are

not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal.  *Gebbia*, 233 F.3d at 883.

The court first considers whether it is facially apparent that the defendant's Notice of Removal states a claim for damages in excess of $75,000.

The plaintiff's petition states that she suffered injuries to her "head, neck and other related injuries as a result of this incident."  Doc. 1, att. 3, p. 1.  The petition additionally states claims of damages for: (1) past medical, pharmacy, physical therapy, hospital, doctor, ambulance and other related expenses, (2) future medical, pharmacy, physical therapy, hospital, doctor, ambulance and other related expenses, (3) past loss of earnings and earning capacity, (4) future loss of earnings and earning capacity, (5) past physical pain, suffering, and anguish, (6) future physical pain, suffering, and anguish, (7) past mental pain, suffering, and anguish, (8) future mental pain, suffering, and anguish, (9) loss of enjoyment of life and of leisure activities, and (10) loss of the ability to obtain fringe benefits such as medical and health insurance.  Doc. 1, att. 3, p. 2-3.

In *Gebbia*, a case relied on by the defendant, the Fifth Circuit was faced with the same issue as in this case.  Plaintiff in that case filed a petition alleging damages for various injuries and losses and a post-removal affidavit stating that the value of her claim was less than $75,000.  In affirming the denial of the motion to remand, the court stated:

> Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back.  Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.  Such allegations support a [substantial] monetary basis to confer removal jurisdiction. . . . Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit . . . and such affidavit did not divest the district court's jurisdiction.

*Gebbia*, 233 F.3d at 883.  Here, defendant argues that the injuries and losses alleged in the plaintiff's petition make it facially apparent that the requisite amount in controversy is met.[1]  We agree and find that the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

If the defendant sufficiently establishes that the requisite amount in controversy is satisfied, the case can still be remanded if the plaintiff can demonstrate that it is legally certain that her recovery will not exceed the jurisdictional amount.  *De Aguilar*, at 1409.  She may do so by providing a pre-removal stipulation or affidavit which affirmatively renounces her right to receive an award greater than $75,000.  *Id*. at 1412.  There is no pre-removal affidavit or stipulation of this kind in the record.  The verification filed with the plaintiff's motion to remand is not sufficient to deprive this court of jurisdiction and is therefore disregarded.

### III.
#### CONCLUSION

For these reasons, we recommend that the plaintiff's motion to remand be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

---

[1] In its opposition to the motion, defendant cites to *Perez v. State, ex rel.*, 753 So. 2d 913 (La. App. 4 Cir. 1/26/00), where a plaintiff was awarded $150,000 in general damages, $67,000 for medical expenses, and $90,000 for loss of earnings.  These awards resulted from injuries suffered in a car accident where plaintiff's injuries included neck, back, and shoulder pain, and headaches.  Additionally, in *Hoyt v. State Farm Mut. Auto. Ins. Co.*, 623 So. 2d 651 (La. App. 1 Cir. 1993) a plaintiff was awarded $15,000 for a concussion suffered in a car accident.  Doc. 9, p. 3.  These awards, defendant argues, coupled with the litany of other damages plaintiff seeks, would certainly bring the amount in controversy to over $75,000.

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 20th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE